May it please the court, my name is Michael Gershberg from Steptoe & Johnson representing Petitioner Corwin Catwell. I'd like to reserve three minutes for rebuttal. That's granted. Thank you. The issue... And lest I forget, thank you to Steptoe & Johnson for representing this defendant on appeal. Thank you. The issue in this case is whether Mr. Catwell's state law conviction for marijuana possession was an aggravated felony, thereby rendering him ineligible for cancellation of removal. In this case, Mr. Catwell's conviction was not an aggravated felony and we respectfully request this court reverse the BIA's decision ordering his removal. Under the aggravated felony analysis, a state court conviction will be the equivalent of... will be considered an aggravated felony if one of two things is the case. Either the conviction has an illicit trafficking element or it is the equivalent of a hypothetical federal felony. In this case, felony under the Federal Controlled Substances Act. In this case, there's been no allegation that Mr. Catwell's conviction involves trafficking and therefore he will be considered to have committed an aggravated felony, if at all, only if his conviction was equivalent of a hypothetical federal felony. Only if he was convicted of... Only if he was... Yes. Convicted of the hypothetical. Convicted of a crime that would be punishable as a felony under federal law, a hypothetical federal felony. Which would mean conviction of more than a small amount. Yes. That's where we are. That's where we are. The case comes down to that. There is an exception under the federal sentencing law for distributing a small amount of marijuana for no remuneration. This court has found, based on that provision, that possession of marijuana is not inherently a federal felony and additional information is needed to make out that claim. So that under Pennsylvania statute A30, that is not inherently anything other than a misdemeanor, correct? Under federal law, that is correct, Your Honor. This court has held in June and Evanston and other cases that additional information is needed in order to make out a felony because possession alone without more information is not inherently a felony. And there is additional information here, right? There's a criminal complaint to which Mr. Catwell pleaded guilty where he, the complaint itself, notes the amount as more than 120 grams, right? Yes, Your Honor. We believe that even if we assume that Mr. Catwell pled guilty to possessing that amount, the facts and circumstances indicate that this will still be a small amount. I could just discuss that in a second. Hold on. Why do you say even if we assume? There's no evidence. He did plead guilty and the criminal complaint sets forth the charge and that's what he pled guilty to, right? Is there any ambiguity in the record that he pled guilty to possessing with intent to distribute more than 120 grams of marijuana? We believe that the record is inconclusive. There is a charging document that states that amount. However, there is no information on the record to show that Mr. Catwell actually pled guilty to that specific amount. For example, there is no written plea agreement or transcript of the plea sentencing. The judge asked Mr. Catwell whether he had possessed that amount. There's no information. What do we have of record as to his conviction? There is very little. What is there? We have the immigration judge's factual findings that Mr. Catwell had not sold drugs himself. Which we can't look at under the modified categorical approach, right? Whatever the IAJ had to say about that is irrelevant to the modified categorical approach, isn't it? Yes, Your Honor. Under the Shepard test, the IJ's factual findings are not among the documents. What Shepard documents do we have? There are only two pages in the record. We acknowledge that. There's a criminal complaint and one other page that lists his sentence. Okay, so we have 194 is the criminal complaint. And then 193 is... 193, which I found pretty tough to read. Yes, as did we, Your Honor. It doesn't really say anything. That's correct. Now 194 says, number one is name, number two is accused, number three the acts committed by the accused. All right, these are the acts. This is his conduct, correct? And that's where we have the grams. Yes, this is the amount charged. So that's the acts. And usually we're not supposed to look at acts and conduct, correct? That's correct, just the conviction. Look at conviction. So then we have, in violation, then we have the charges. And we have three things set out there, which are three different, are all part of counts one, right? There are three different counts. Mr. Catwell only played guilty to one count. That is listed on the previous page. Just possession, just the possession count. All right, the possession count, the bottom one, right? CSA. Well, it was A30. A30. What says A16? It's A30, A30, and then A16. But we don't know, I mean, it doesn't say under the count description, the grams. It only says that under the conduct description. So how do we know what happened here? I agree, Your Honor. The record is inconclusive. We don't know. This essentially puts the court in a similar position to June and Evanston and other cases where the record is inconclusive. How is it like June or Evanston? In those cases, in one instance, there was a question about a sentencing and there was a, right? It was a question about a sentencing document. Right, and there was a decision that you don't know. Since other things can come into sentencing, you're not sure what's going on. Here, you've got the criminal complaint. It's the only thing he's pleading guilty to, and on the face of the document, it says it. Yes, we acknowledge that, Your Honor, and we do submit, though, that there is no evidence on the record that Mr. Catwell pled guilty to that specific amount. Do you have a position that says in order for a Shepard document, it has to follow the following form? Otherwise, it's inconclusive and we're not really sure what they're pleading guilty to? No, Your Honor, it doesn't say that, but in Shepard, the Supreme Court explains that the Shepard documents are useful insofar as they narrow the broader offense. Under the modified categorical approach, this court is to determine what was Mr. Catwell actually convicted of out of the broader state offense, and it is helpful to see that, for example, that Mr. Catwell was only charged with possession. Therefore, we know at a maximum, it was only a possession offense that he was convicted of, not distribution. We also know at a maximum, he was only convicted of 120.5 grams, but it could be less. We also do know that the government has never alleged that Mr. Catwell was involved in trafficking. There's been no allegation that he sold the drugs or that he received any remuneration. That has been the government's position throughout this proceeding at each stage. Therefore, the only option left is that Mr. Catwell possessed this amount of marijuana for his own use or for casual sharing, and the legislative history of the Controlled Substances Act and the decisions of other circuits that have analyzed this small amounts exception have all focused on the nature of the possession. Whether the defendant possessed the amount for personal use or casual sharing, on one hand, as opposed to a commercial venture or a profitable sale, on the other hand. So it's your position that that's the binary choice. It's either a commercial enterprise or it's personal use and casual sharing. There's no other category of stuff that would be more than a small amount, even if not a commercial enterprise? We do believe that those would be the two general categories. There may be a brief where the amount of marijuana issue was so objectively large in the hundreds of thousands of grams that a court could reasonably conclude without other evidence that is a large amount. That's not an amount that we have here. Do you have an amount that's, if you convert it, let me ask you this. First, there is a, is there any inference to be drawn at all from the immigration law statute that says 30 grams or above 30 grams is something that will get you in hot water? That's not a personal use amount. I'm using that, obviously, paraphrasing very liberally, but does that provision of the INA have any impact here at all? We believe it does not, Your Honor. It may be one relevant item to consider, but the question here under the modified categorical approach is whether this conviction would be punishable as a federal felony under the Federal Controlled Substances Act. As we know, the federal law does not say 30 grams. It doesn't include any amount. It left that amount open for courts to decide. So we're searching for stuff to help us understand what would be a small amount, right? Right. And, Your Honor, the Supreme Court has stated just last month in the Karachuri decision that any ambiguities in criminal statutes that are referenced in immigration laws should be interpreted in favor of the non-citizen. The term as the court fills that gap in the statute, it should interpret the term in Mr. Catwell's favor. We also think that the information we have... But how do we decide? For instance, I've got a little bag here. This is not marijuana. This happens to be a grilling blend spice, and this is one-third of the amount, right? This is one. So you multiply this by three. How are we to decide whether this is for your own possession? And does possession mean you have a party with 50 friends and you make 20 cigarettes? I don't know. How are we to decide whether this is a small amount or not? Is it a matter of for your own possession versus for sale? And if so, how do we decide that? The court should decide this based on the totality of the circumstances. That is the test that most circuit courts have used. Other courts have looked to the Was the defendant arrested with drug paraphernalia, cash, weapons, other items that would indicate an attempt, for example, or intent to make 50 different marijuana joints? None of that information is in this case. We do know that the government... So there we are looking to condom. We could look at the... Small amount? The facts under which Mr. Catwell was convicted. We do know that the government has never alleged and has conceded that Mr. Catwell did not receive any remuneration and did not sell the drug. Therefore, the only thing that is left is personal use. In our search that we're conducting, we're looking obviously to other instances, analogies, and so forth. What's the largest amount that you've seen that has still been deemed a small amount? Your Honor, we are only aware of one case, and that was the case cited by BIA, a Seventh Circuit case called Damerville, in which a court had examined an amount less than 120 grams. That was the 17? That was 17 grams. And exactly, that's inapplicable here. It took place in the prison context, and the Seventh Circuit specifically stated that outside of the prison context, it could very well be a small amount. Is part of this having to do with the rule of lenity and when someone should be on notice of whether their their conduct is is criminal? I mean, does it have any of the subjective that if you have, you know, three times this amount, should you realize that it's a, you know, it's a federal crime, if you will, a federal felony? Well, I think that the analysis does involve a question of whether the defendant, in this case, was put on notice. But I would look at it differently. I would say that the intent behind the Controlled Substances Act is not to instances in which somebody is using marijuana for their own use, where they may not realize that that is or would be punishable. This is 241 marijuana cigarettes according to the the sentencing guidelines. Wouldn't that be enough for us to say, well, even though Mr. Catwell said he likes to smoke a lot, that that's enough for us to say looks like more than a small amount for a couple reasons. Number one is that Mr. Catwell was, in fact, arrested with two other people charged with the same amount. This amount was found in a house with three people. So, in effect, the amount should be divided by three. Second, the legislative history and the other cases indicate that it's not solely a question of the amount at issue. If it were there, that Congress would have implemented a bright-line test. And last, the Supreme Court in Lopez v. Gonzalez has stated that the term illicit trafficking, which is the term ultimately being defined in this analysis, should be interpreted in line with the common-sense understanding and everyday understanding of the term illicit trafficking. The Second Circuit relied... This isn't trafficking, though, right? This is not trafficking, and that's what I'd like to say, is that the Second Circuit relied on Lopez to find that simple possession offenses, such as Mr. Catwell, are not in line with the common-sense understanding of trafficking. Mr. Catwell, even if we assume he possessed 120 and not one-third of that amount or not an did not sell the amount, and that would be not in line with the everyday understanding of the term trafficking. Thank you. Thank you. We'll hear from you. Good morning. Kate DeAngelis for the Attorney General. I guess I'll just go straight to the small amount issue. I think that... Could you answer why the complaint is, to my mind, is inconclusive. I mean, we cannot say absolutely what happened at this plea colloquy, whether he said, well, I dispute the amount, but, you know, I do plead guilty to possession, so, you know, therefore, I'm convicted, or... And whether even the amount was even mentioned as part of the conviction proceeding, so that this would be inconclusive. Why should we not do what the Second Circuit Martinez did and say, when it is inconclusive, we look at the nature of the crime, and if it's inherently not an aggravated felony, which A30 really is not, we find it isn't an aggravated felony. I have two comments on that. The first would be, and I noted this in my brief, that I would point the court to Garcia, which is a decision in which they held that, or you held that, in Pennsylvania, a criminal complaint is not merely a court, it is the charging instrument. The filing of the complaint is sufficient to initiate criminal proceedings, and Pennsylvania law does not require the subsequent filing of either an information or an indictment if a plea of guilty or no low is entered. In this case... But there it was, guilty, or pled to an undercover agent, and they cited from the complaint, I mean, we don't know whether, you know, that was part of the accounts in the complaint, which here, this is different. This is a little different. It says, acts committed. Well, that's conduct related, and that doesn't say, you know, you don't plead guilty to acts, you plead guilty to counts. So I don't know, in fact, in Garcia, I think they said, the count specifically said, unlawfully sold to an undercover officer at possessed, blah, blah, blah, blah, blah. It's clear that he pled guilty to delivery and possession with intent to deliver. So, you know, to that extent, it is factually distinguishable to a certain extent. There obviously is not a way to, you know, charge under a statute that, that would specifically charge 120 grams. So it would have to be in the, in the, you know, colloquy of the acts. Absolutely. And I do agree to that. I do want to mention that Petitioner did not exhaust an argument before the Board that he was not... I want to make sure I understand. If you just made a concession, I need to know it. Are you saying that the listing of the 120 grams in the criminal complaint is not sufficient as a matter of law under Shepard to establish that what Mr. Catwell pled to was possession with intent to deliver 120 grams? No, that's not my position. I'm not making that concession. I, we believe that this criminal complaint document is sufficient to establish the 120 grams, especially in conjunction with the Board's... Establish the 120, establish that he was to distribute and that 120.5 grams were involved. That's not the same thing. Was he convicted of possessing 120 grams? That was his conviction. That is not how this reads, no. And I can't, there's no way that it could read that way. I can not... So the crime of which he was convicted was possession with intent to deliver. Possession. Yes, I agree with that. But I do have to make my point about exhaustion, which is the Board was, you know, operating on the assumption, there was no argument on petitioner's side that there was, you know, the 120 grams was not the amount in question. He never raised that issue. So to raise it now is essentially too late. Is it, is it legally significant that the conviction involved 120.5 insofar as establishing if there's some question... Whether we can, whether we can look at it. I mean, the question that I hear Judge Rendell putting to you is, if if the conviction is for possession and not possession of that amount, then that's one thing. And I'm asking you is, is that, is that legally significant in terms of what we can consider? Because if the Attorney General agrees that we can't consider the 120 grams because it's not a count of conviction, then this, that substantially shortens this case, doesn't it? Well, I think it's important to keep in mind that this is not a case where the government is establishing removability. It's the petitioner's burden of proving his eligibility. There's a document... I'm happy to have you speak about the burden of proof, but I'm trying to get you to answer that specific question I asked you. Is the Attorney General agreeing that we can't look to that 120 grams because it's not a count of conviction? Because that'll be a pretty significant thing for us to know if that's the position of the government. That's not the concession that I'm prepared to make today. If the court, if that's a concession that you're asking for, I can't concede that. I'm not asking for it. I'm just asking if you're making it. I'm not making that concession. It was my understanding when I briefed the case and my review of the I can't make that concession on behalf of the Attorney General today. I would have to go back and do more research and perhaps submit additional information to the court. I simply can't concede that on behalf of the Attorney General here. And I apologize for that. You don't have to apologize. I'm just trying to get your position. Okay, that's my position. Just moving on, I just want to reframe the issue here, just for context, that this is petitioner's burden of proving his And I think a very important thing to point out is that the board gave very good evidence that 30 grams of marijuana is generally what the threshold limit is. And one of the important things that the board pointed out that I think we can't ignore is that the Pennsylvania statute itself, at section A31, defines a small amount of marijuana as 30 grams or less. And that's, you know, not something that's been discussed fully on either side, but the board did cite that in its decision. And it's, you know, supportive. So is the 1227 Removability 30-gram threshold limit. We're way above the 30 grams here in this case. We're four times that much. And there's just simply no reason that the petitioner's testimony that he's a constant marijuana smoker and that he had four or five bags is really sufficient evidence, given that it's his burden of proof, when the board is  Then again, if it is a trafficking statute, and if we do believe that you should be put on notice in a criminal statute of what, you know, behavior is criminal, shouldn't we, I mean, should we err on the side of looking at it from the standpoint of, you know, is this a trafficking amount? Well, I mean, I think, you know, the aggravated felony definition of the INA points us in two directions. It points us to illicit trafficking, which is not an issue here. And it points us to drug trafficking, which it then defines as how it's defined in the Controlled Substances Act. So the word drug trafficking is not necessarily something we should just be interpreting, you know, with a general definition from the dictionary, per se. I mean, we're going, we're pointed directly to the federal statute, which does provide an exception. But also the Pennsylvania statute provides a subsection which he could have been convicted under, you know, I and we don't know what happened in this case, but had they picked him up with what they considered to be a small amount or what or less than 30 grams, they could have charged him under a different subsection, you know, which would have specifically led us to the conclusion that this was a small amount because it was defined in the Pennsylvania statute. So I think that's, that's pretty compelling here. Do we look at what your opponent suggests, and that is the circumstances, he's with three other people in a house, there's no paraphernalia, no evidence of trafficking? No, I don't, I don't believe in this case we go beyond the the conviction documents that we have here. So the conviction is the conviction, no matter what? And interestingly enough, I do believe from the record that there was another person present in the house who was arrested also, and I'm not sure what the charge was, but I'm not sure that you would just divide the amount of drugs by three if somebody else has... A modified categorical approach, what does that have to do with anything? Nothing, I'm just noting that Petitioner's Council suggested that we should divide the amount by three, and I'm just suggesting that, you know, there was probably, there's probably not a reason to do that. Can you respond to the argument made in your opponent's briefing that the on burden of proof is really, should be rejected out of hand as unfair because they've admitted they can't carry their burden of proof with respect to removability by showing that this is an aggravated felony, and they ought not be permitted then to say, yeah, but the onus is on you to prove it isn't. That that's a fundamentally unfair way to proceed, that's how I understand their argument. What's your response? Well, it is an unusual circumstance. There were two grounds of removability, one of them was denied and it was not appealed. Our position is that the immigration judge erred when he applied the legal standard, when he was determining whether Mr. Catwell was convicted of an aggravated felony. Had the board had the opportunity to review the aggravated felony determination, it may have, it likely would have found it in a different direction on the removability ground as well. It didn't, it didn't have the opportunity to, DHS did not appeal that. It was well within its, you know, limits to not have to appeal that because it already had established removability, excuse me, removability on a separate ground. The burden then shifted to the petitioner to make his showing for his relief application, and that's, you know, that's solid under the Act and under the regulations, that that's the way it works. The government did not need to establish the aggravated felony conviction on appeal. You know, recently the Supreme Court, and the name is escaping me, name of the case. Carachuri?  Carachuri? No, a case where they said this really isn't this kind of horrible, dastardly, you know, aggravated robbery, felony. You know, look to the character of the crime and said, you know, this certain things just don't fit, and we need to look at that. Here, I mean, we have Martinez, which says kind of when in doubt as to what you have here in terms of the conviction. Don't put the onus on the defendant to come up and do an affidavit as to his conduct because that's not, you know, we don't want to go towards conduct. Instead, look at the inherent nature of the state crime and see what it is. Now here, the inherent nature of A30 is not an aggravated felony. I mean, he was sentenced to 16 months probation. Certainly, it wasn't viewed as an aggravated felony. What's wrong with that approach? Well, I mean, it's well set out in the immigration law how these things are considered for immigration purposes. And, you know, the INA has its own definition of aggravated felony that has to be applied to Petitioner here. And again, I just want to emphasize... But we're not in that. We're in the hypothetical federal... Well, in terms of whether Petitioner is eligible for the relief from removal that he seeks, which is ultimately the question here. We're determining whether his crime was an aggravated felony for purposes of immigration law. The INA directs us to the federal statute. But then, in the end, it comes back to the three requirements of cancellation of removal. And, you know, this is not a situation where the government has not met its more onerous burden of showing that Petitioner is actually removable. I mean, we're past that stage. Here, we have a removable alien who's asking for a discretionary form of relief from removal. So, in that context... Except, on the other hand, the proof certainly within the control of the government as to the nature of this conviction and what happened at the guilty plea and everything else. I mean, as to what he was convicted of, the government clearly has the ability to come forward with that. Well, certainly Petitioner could have offered additional evidence as well in support of his... But then, as to conduct. I mean, how is he supposed to access the record of the plea colloquy? Well, I mean, I think, you know, I don't know what DHS had available to offer into the record. But I do know that they originally charged the aggravated felony. So, my assumption is that they entered what was available to them. So, to say, you know, after the fact that they should have entered better documentation, I'm just not sure that it would really work out that way. I mean, we often see cases where we wish we had more criminal documentation. It's difficult. But again, you know, Petitioner had the opportunity to, you know, offer testimony from other people on what a small amount was or what, you know, there were other opportunities. And it's clear under the regulations and under the INA that it's his burden to demonstrate his eligibility. What would testimony from people about what a small amount is have to do with the legal determination of whether there's a small amount? Well, I guess insofar as there's nothing on point that instructs the immigration judge or the court, this is a small amount that all... When you say instructs, I mean, you've pointed to the Pennsylvania statute, the provision of the INA. There are other state statutes that address less than an ounce, 28 and a half grams, things like that in California and New York and other places. I mean, there are points of reference in the law out there, and you've made reference to two of them already. Are you suggesting that there needed to be, like, expert testimony on what's a personal use amount or something like that? No, honestly, I don't think that would have been compelling even if it had been presented. I'm saying it could have been presented. I do want to point out that this idea that personal use equals a small amount is not necessarily grounded in the law either. I mean, the immigration judge did discuss on the record, while we're not reviewing that, he did discuss, you know, oh, this looks like a personal use amount. Well, there's no correlation between personal use amount in the federal statute that we're looking at here. Well, except it's other than a small amount is presumed to be a trafficking amount, wouldn't it be? I don't know that we can make that assumption. I mean, maybe just it's an unreasonable amount to have on your possession. You know, it's so much that you can't use it personally, but it's a large amount. Well, therefore, you're selling it. Or you may be stockpiling it for personal use in the future. I guess it depends on how you define personal use. I mean, I do think that there might be an intermediary in there. I haven't fully researched that, but I'm not sure that it's so cut and dry. And I do think that the existence of a separate Pennsylvania statute that would have charged explicitly a small amount is compelling in the determination here. Thank you. Thank you. Mr. Griffith. Your Honors, I'd like to touch upon just a few points. I'll start with the burden of proof, and there are a few aspects. Government's counsel has mentioned that BIA's decision cited the Pennsylvania statute and a few other pieces of support in its favor. It's our opinion, upon reading BIA's decision, that there are only two sentences of support. The Pennsylvania statute is actually referenced elsewhere in the opinion, and only two pieces of information. One is the Damerville case, which, as we've discussed, is not applicable to this context, and the other is the federal INA statute. Neither one of those on its own or in conjunction is sufficient to determine what's a small amount in this case. The federal statute doesn't define small amounts. And the cases that we have cited in our brief all give some additional guidance. Moreover, as we've stated in our brief, only a very small fraction of federal marijuana offenses are for anything less than 5,000 grams of marijuana. That is orders of magnitude larger than the 120 we're dealing with here. What do you mean when you say very small fraction of federal offenses? I mean, the federal law criminalizes stuff, and it breaks down penalties according to amounts, but are you talking about federal convictions? Yeah, I'd like to clarify. Prosecutions. And there's prosecutorial discretion? If there's prosecutorial discretion that says, hey, we're not going to prosecute something under two keys, does that mean two keys is 1.9 keys is a small amount? It doesn't mean there's a cutoff, but it is additional relevant information this court should consider in determining what is a small amount under federal law and what federal law enforcement considers to be a small amount and what it will prosecute and what it won't. I also would just like to speak to the shifting of the burden of proof. In response to this court's order from March 2009, we did discuss the burden of proof. While we understand that under the statute regulations, Mr. Catwell has the burden of establishing that he is eligible for cancellation removal, in this case, the shifting the burden of proof is a little perverse. It gives the government two bites of the apple. If the government cannot prove that Mr. Catwell is removable by virtue of having been convicted of an aggravated felony, it can still contest cancellation of removal by shifting the burden to Mr. Catwell to show the opposite. When you say the government can shift the burden, isn't that the way the statutory scheme and regulatory scheme shifts the burden? It's not the government doing it. It's the way it's been envisioned by the legislature, right? Yes, we understand that that is normally the way it should work. The government was able to, by not appealing to the BIA its failure to show aggravated felony, it was able to, in essence, force Mr. Catwell to prove aspects of the conviction that the government should have proven in the first instance. We would just request that the court consider this. We have briefed the issue in response to the court's order. Maybe in this circumstance, it may not be appropriate, and it may be another factor to consider in the burden of proof. I see I have no time, Your Honor. Thank you very much. Thank you. Thank your firm. Thank you. Thank you, Steptoe Johnson, again, for having you counsel Mr. Catwell. We appreciate it. Thank you, Your Honor. On behalf of the court. Thank you, counsel. The case was well argued. We'll take it under advisement. I ask that we put the recess court.